UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                 Case No. 1:98-cr-59-1

v.                                        HON. JANET T. NEFF

JOSEPH BENJAMIN TAYLOR, III,

       Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Joseph Benjamin Taylor, III's pro se motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the modification of the Drug Quantity Table with respect to cocaine base (crack cocaine) (Dkt 185). The United States Probation Office filed an Amended Sentence Modification Report (Amended SMR) on February 28, 2013 (Dkt 205), recommending that Defendant receive a reduction in his sentence because the applicable guideline range has been lowered as a result of the retroactive amendment to the Sentencing Guidelines. Defendant, through counsel, filed a Response to the Amended SMR (Dkt 206) on March 14, 2013, requesting that this Court reduce his sentence "to the bottom of the adjusted amended guideline range—292 months," based on his rehabilitation efforts (*id.* at 2). The government filed a Response to the Amended SMR (Dkt 211) on April 8, 2013, agreeing that Defendant is eligible for relief but opining that defense counsel's recommendation of an adjusted minimum term of 292 months "fails to adequately account for Taylor's recent post-sentencing misconduct in prison and the risks to the public posed by his early release" (*id.* at 2).

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 750 of the United States Sentencing Guidelines (U.S.S.G.) modified U.S.S.G. § 2D1.1, the Drug Quantity Table with regard to cocaine base (crack cocaine), and U.S.S.G. § 2D2.1(b). These modifications were made retroactive effective November 1, 2011. U.S.S.G. § 1B1.10(c). Defendant is eligible for a sentence reduction because the lower crack cocaine guidelines result in an overall lower sentencing guideline range for Defendant. Specifically, under the retroactive amendments to the Sentencing Guidelines, Defendant's amended guideline range is 292-365 months in prison.[1]

Upon careful review of the record as a whole, including the parties' recommendations, the relevant 18 U.S.C. § 3553(a) factors, and the Sentencing Guidelines, the Court determines in its discretion that Defendant's sentence is properly amended to 342 months for Counts 2, 3, 4, and 6. A 342-month term (approximately the same percentage adjustment above the modified minimum term as Defendant's original sentence was above the then-applicable minimum term) properly

---

[1]Per this Court's Order (Dkt 204), the parties addressed not only the amended guideline range but also the import of the error identified in Defendant's original sentence for Count 4 (the marijuana count) to the amended guideline range, if any, and whether correction of the error is outside the scope of this proceeding authorized by § 3582(c)(2). Regarding the latter, Defendant indicated only that it was "not clear" whether the purported error could be corrected (Dkt 206 at 5). The government asserts that this Court "technically" lacks jurisdiction to correct the purported error and further points out that even if such jurisdiction was properly assumed, correction of the sentence for Count 4 would not affect the amended guideline range because Defendant was convicted in Counts 2, 3 and 6 of other charges involving his possession with intent to distribute powder and crack cocaine and conspiracy to distribute and possess with intent to distribute crack cocaine (Dkt 211 at 3-6, citing *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989) (indicating that under the "concurrent sentencing doctrine," a "court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction")). No persuasive basis having been identified for this Court's further inquiry, the Court declines to address the apparently harmless error.

accounts for the seriousness of Defendant's offense conduct and his continued likelihood of recidivism inasmuch as Defendant possesses the same potential and poses the same risk to society that he did at his original sentencing.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion for modification of sentence (Dkt 185) pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED.


Dated: May  15, 2013                                     /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge